UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON MICHAEL BRUSH,

      Petitioner,

v.                                                         Case No. 09-C-976

MICHAEL THURMER,[1]

      Respondent.

**ORDER**

On October 13, 2009, Jason M. Brush filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Kenosha County Circuit Court of first-degree recklessly endangering safety, false imprisonment and battery to a probation officer, all by use of a dangerous weapon and as a repeat offender. Brush was sentenced to 15 years imprisonment and five years of extended supervision. He is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

---

[1] Petitioner named the State of Wisconsin as the respondent in this matter. The state is not a proper respondent in federal habeas proceedings under 28 U.S.C. § 2254, *Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citations omitted), and Rule 2(a) of the Rules Governing Section 2254 Cases requires that the petition name as respondent the state officer who has custody of the petitioner. As petitioner is incarcerated at Waupun Correctional Institution, his custodian is Michael Thurmer, the warden of that facility. The Court therefore amends the caption in these proceedings to reflect the appropriate respondent.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Brush provides three grounds in support of his petition for habeas relief. First, he contends that the trial court erroneously denied his motion to withdraw his guilty plea prior to sentencing. His second claim is related to the first, as he claims that he received ineffective assistance of counsel in presenting the motion to withdraw his plea. Brush's final ground set forth in his petition is that the trial court deceived him by indicating at the time he entered his plea that there would be no trial and hence no witnesses, when in fact the court allowed two witnesses disclosed after he entered his plea to testify against him at sentencing.

Brush's claim regarding the trial court's denial of his motion to withdraw his guilty plea amounts to a claim that his plea was involuntary, which implicates his right to due process under the Fourteenth Amendment. *Boykin v. Alabama*, 397 U.S. 238, 242 (1968); *Santobello v. New York*, 404 U.S. 257 (1971). Further, ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984), and the constitutional guarantee of effective assistance of counsel extends to a hearing on a motion to withdraw a guilty plea. *See United States v. Ellison*, 798 F.2d 1102, 1108 (7th Cir. 1986). The first two grounds Brush provides for habeas relief present at least colorable constitutional issues.

Brush fails, however, to raise a constitutional issue in his final claim regarding the alleged deception of the trial court for saying there would be no witnesses. There is no suggestion that this

2

statement resulted in Brush entering an involuntary plea. Instead, it appears that Brush merely claims that after he entered his plea of guilty the court noted that there would be no trial or witnesses called, but the court later permitted two witnesses to testify against him at sentencing. As this claim is not a basis upon which habeas relief is available, as it fails to set forth a cognizable constitutional or federal law claim, it will be dismissed.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

Here, Brush presented his claim that the trial court erred in denying his motion to withdraw his plea to the state courts on direct appeal. On August 13, 2008, the Wisconsin Court of Appeals rejected Brush's assertion that the trial court erred in not granting him leave to withdraw his plea and affirmed the judgment of conviction. The Supreme Court of Wisconsin denied Brush's petition

3

for review on November 17, 2008. Thus, it appears that Brush has exhausted his available state court remedies on his first claim.

The same cannot be said for his claim that the assistance of counsel he received in support of his motion to withdraw his plea was constitutionally infirm, as he makes this claim for the first time in these federal habeas proceedings. In his petition he indicates that he did not exhaust his state court remedies on this claim because his appellate counsel refused to include it in his direct appeal.

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim, notwithstanding *Rose*. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000). Here, it appears that the petitioner is quite close to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). Thus, I will not dismiss this case.

In a situation like this, the petitioner has two options. He may either (1) have this case stayed while he pursues his unexhausted claim in state court, or (2) he may abandon the claim he has not exhausted (ineffective assistance of counsel regarding his motion to withdraw) and proceed in this case with his exhausted claim. The petitioner is **ORDERED** to inform this court as to which

4

of the two options he wishes to pursue. He must file such notice within 30 days of the date of this order.

Dated this   23rd   day of October, 2009.

                                                s/ William C. Griesbach
                                               William C. Griesbach
                                               United States District Judge