UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON MICHAEL BRUSH,

        Petitioner,

v.                                                              Case No. 09-C-976

MICHAEL THURMER,[1]

        Respondent.

## AMENDED[2] ORDER

On October 13, 2009, Jason M. Brush filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Kenosha County Circuit Court of first-degree recklessly endangering safety, false imprisonment and battery to a probation officer, all by use of a dangerous weapon and as a repeat offender. Brush was sentenced to 15 years imprisonment and five years of extended supervision. He is currently incarcerated at Waupun Correctional Institution.

In my October 23, 2009 Order under Rule 4 of the Rules Governing § 2254 Cases, I determined that Brush had failed to exhaust his state court remedies for one of the claims in his petition for habeas relief, his claim that he did not receive effective assistance of counsel on his

---

[1] Petitioner named the State of Wisconsin as the respondent in this matter. As the Court noted in its previous Order, the Court has amended the caption of these proceedings to reflect the appropriate respondent, the state officer who has custody of the petitioner.

[2] This Order amends page 3 of Docket # 4 to note the correct date of the Court's Order under Rule 4 of the Rules Governing § 2254 Cases, October 23, 2009.

motion to withdraw his plea in the trial court. (Doc. # 2.) Based on the petition, I concluded that it appeared Brush had exhausted his state court remedies as to his claim that the trial court erred in denying his motion to withdraw. I further concluded that this ground represented at least a colorable constitutional claim.[3] The order required Brush to inform the Court whether he wished to have the case stayed while he pursued his unexhausted claim in state court or abandon the claim and proceed with his exhausted claim. On November 12, 2009, Brush wrote the Court indicating he wished to proceed with his exhausted claim and abandon his remaining ground for habeas relief outlined in his petition. (Doc. # 3.)

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

---

[3]The Court also concluded that Brush's third ground for habeas relief, that the trial court deceived him by indicating at the time he entered his plea that there would be no trial and hence no witnesses, when in fact the court allowed two witnesses disclosed after he entered his plea to testify against him at sentencing, failed to set forth a cognizable constitutional or federal law claim. The Court summarily dismissed this claim under Rule 4 of the Rules Governing § 2254 Cases.

2

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the Court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition, the Court's order of October 23, 2009, and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this   2nd   day of December, 2009.

                                                  s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge