UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON MICHAEL BRUSH,

    Petitioner,

v.                                            Case No. 09-C-976

MICHAEL THURMER, Warden,

    Respondent.

**ORDER RE: MATTERS PRESENTED IN PETITIONER'S JUNE 24, 2010 LETTER**

       This action was commenced on October 13, 2009, when the petitioner, Jason Michael Brush ("Brush"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was initially randomly assigned to United States District Judge William C. Griesbach. On October 23, 2009, Judge Griesbach issued a Rule 4 Order, and thereafter, on December 2, 2009, issued a briefing/scheduling order to govern the processing of Brush's habeas petition. On December 11, 2009, Brush filed a consent to proceed before a United States magistrate judge. On December 14, 2009, the respondent filed a consent to proceed before a United States magistrate judge. Based on the parties' consents to proceed before a United States magistrate judge, on December 21, 2009, Judge Griesbach issued an order reassigning the case to this court for all further proceedings.

       Thereafter, on January 5, 2010, this court issued an amended briefing schedule, which called for, among other things, the petitioner to file his brief in support of his habeas petition on or before March 12, 2010. On February 9, 2010, Brush filed a motion for appointment of counsel. On February 12, 2010, this court issued an order denying Brush's motion for appointment of counsel, but granting Brush until May 17, 2010 to file his brief in support of his habeas petition. It is at this point that the processing of this case became a bit troubled.

First of all, on March 8, 2010, Brush filed his brief in support of his petition. This was a full two months before it was due to be filed pursuant to the court's February 12, 2010 order. But, as it turns out, for some inexplicable reason Brush apparently never received a copy of this court's February 12, 2010 order, so he thought his brief was due on or before March 12, 2010, in accordance with the court's January 10, 2010 order. On May 10, 2010, the clerk of court mailed another copy of the court's February 12, 2010 order to Brush. On May 25, 2010, Brush filed a letter with the court in which he sought an evidentiary hearing to determine why he had not received the court's earlier order. I authorized my law clerk to write a letter to Brush advising him that his request for an evidentiary hearing was being denied but that he would be granted an extension of time (until July 1, 2010) to file a "supplemental brief" in support of his habeas petition. That letter was issued on June 7, 2010.

In Brush's May 25, 2010 letter he also stated that he was withdrawing his consent to have this matter heard by a magistrate judge. That particular matter has not yet been addressed by the court. The instant order will address it.

On June 24, 2010, Brush filed another letter with the court. The text of that letter reads as follows:

> To Judge Callahan
>
> For the record I did not ask for another time extension in my last correspondence. I will not be filing a supplementary brief.
>
> I would however request at this time a complaint form so I may file a complaint with the Chief Justice so that I can put in the record that you seem to ignore several things that I put in my previous motions which include:
>
> (1) My request to withdraw consent to allow matter to proceed before a magistrate judge.
>
> (2) The fact that I have several disability that prevent me from being able to learn how to research case law and providing myself with adequate representation.
>
> (3) The fact that you seem unconcerned that I did not receive an order from February 12, 2010 until 5-12-10. In fact I attest under penalty of perjury that this was the case

> in fact I find it suspicious that I received 2 separate mailing with the 2-12-10 order 8 days apart after you were notified.
>
> I respectfully request a substitution of Judge Callahan.

(Docket Entry #24.)

First of all, Brush states that he does not intend to file a supplemental brief. That is his choice.

As for his request for "a complaint form" so that he might file a complaint with the Chief Justice, this court is unaware of any such "form." Thus, no such "form" will be forwarded to Brush.

Finally, as for Brush's request to withdraw his consent to magistrate judge jurisdiction and his request for a "substitution of Judge Callahan," such requests are denied.

To be sure, Title 28 U.S.C. § 636(c)(4) provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." But, Brush's dissatisfaction or disagreement with the rulings of this court (to whose jurisdiction both parties expressly and in writing consented) are wholly insufficient to warrant either allowing the withdrawal of such consent or this court's substitution. Indeed, to allow such to occur would invite interminable "judge shopping." *See McGrath v. Everest Nat'l Ins. Co.*, 2009 U.S. Dist. LEXIS 115355 (N.D. Ind. December 10, 2009)("Once a party has consented to proceed before the magistrate judge pursuant to section 636(c), both the magistrate judge and the other parties may rely on that consent in making their preparations for trial. Ordinarily a party who has so consented may not later withdraw the consent." ); *Carter v. Sea Land Services, Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987) (stating with respect to the withdrawal of consent that "[a]ny such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking. We will not countenance such fast and loose toying with the judicial system.").

**SO ORDERED** this 25th day of June 2010 at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge