UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON MICHAEL BRUSH,

    Petitioner,

v.                                                        Case No. 09-C-976

MICHAEL THURMER, Warden,

    Respondent.

**DECISION AND ORDER ON HABEAS CORPUS PETITION**

**I. BACKGROUND**

On October 13, 2009, the petitioner, Jason Michael Brush ("Brush"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. After entry of a guilty plea, Brush was convicted in Kenosha County Circuit Court of first-degree recklessly endangering safety, false imprisonment and battery to a probation officer, all by use of a dangerous weapon and as a repeat offender. Brush was sentenced to 15 years imprisonment and five years of extended supervision.

This case was originally randomly assigned to United States District Judge William C. Griesbach. On October 23, 2009, Judge Griesbach issued an order on Rule 4 review. In that order, Judge Griesbach found that Brush had presented two constitutional claims, but that one of them had not been exhausted, i.e., the claim for ineffective assistance of counsel regarding Brush's motion to withdraw his guilty plea. Thus, he gave Brush two options: (1) Brush could be granted a stay while he pursued his unexhausted claim in state court, or (2) Brush could abandon the unexhausted claim and proceed in federal court with

his exhausted claim. Brush elected to abandon his unexhausted claim and proceed on the exhausted claim.

In his October 23, 2009 order, Judge Griesbach described Brush's sole remaining claim as being that "the trial court erroneously denied his motion to withdraw his guilty plea prior to sentencing." (10/23/10 Order at 2.) In further describing this claim, Judge Griesbach stated: "Brush's claim regarding the trial court's denial of his motion to withdraw his guilty plea amounts to a claim that his plea was involuntary, which implicates his right to due process under the Fourteenth Amendment. *Boykin v. Alabama*, 397 U.S. 238, 242 (1968); *Santobello v. New York*, 404 U.S. 257 (1971)." (10/23/10 Order at 2.)

Subsequently, the parties consented to magistrate judge jurisdiction and the case was reassigned to this court for processing and for entry of final judgment. The parties have now briefed the issues raised in Brush's petition and this case is ready for resolution. For the reasons that follow, Brush's petition for writ of habeas corpus will be denied.

## II. LEGAL STANDARD

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Ill. Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.").

The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

2

in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000). A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *see also Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Although interrelated, courts have discussed exhaustion of state remedies and procedural default as

3

separate issues.

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir.1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996).

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-50. The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (emphasis in original) (quoting *United States v. Frady*, 456 U.S.

4

152, 170 (1982)). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 622 (1998). With the forgoing in mind, the court turns to the petitioner's claim.

### III. DISCUSSION

As previously noted, the only claim that yet remains in Brush's petition relates to the trial court's refusal to grant his motion to withdraw his guilty plea. The precise contours of the claim, although perhaps initially a bit unclear, have been rendered more clear by Brush's briefs.

Indeed, Judge Griesbach generously described Brush's claim as being that his plea was involuntary. But, a review of Brush's initial brief and reply brief reveals that not to be Brush's claim. Instead, Brush makes clear that his claim is predicated, not on the notion that his plea of guilty was involuntary, but rather on the notion that the trial judge applied the wrong state law standard in denying his motion to withdraw the guilty plea.

In his initial brief, Brush asserts that the trial court's remarks when denying Brush's motion to withdraw his guilty plea reveal that the trial court used an erroneous standard in denying the motion, which is revealed in the trial court's words: "I shouldn't say the motion granted liberally to withdraw but the hearing provided liberally." According to Brush,

> That statement made is a[n] erroneous statement of the legal standard and shows the court[']s denial of the motion was not done pursuant to a demonstrated rational process and was thus an erroneous exercise of discretion.
>
> The trial court is to freely allow the defendant to withdraw his guilty plea prior to sentencing for any fair and just reason, unless the prosecution would be substantially prejudiced, *State v. Bollig*, 232 Wis. 2d 561, 578, 605 N.W.2d 199 (2000).
>
> The 14th Amendment of the United States Constitution guarantees my right to

5

Due Process of law not incorrect statements of law. When Judge Warren made that statement he showed he didn[']t understand the law fully and that[']s why he abused his discretion. My right to due process was violated.

(Pet'r's Br. 1.)

In further clarification of his claim, Brush states in his reply brief that "[m]y Fourteenth Amendment right to Due Process was violated when the trial judge abused his discretion by applying an improper standard of law." (Pet'r's Reply Br. 1.)

Respondent Thurmer presents a two-pronged attack on Brush's petition. First, Thurmer argues that Brush procedurally defaulted his federal habeas corpus claim by his "failure to adequately allege a 'fair and just reason' for plea withdrawal." (Resp.'s Br. 6.) More precisely, the respondent argues that the court of appeals' decision makes clear that it was relying on Brush's "procedural" failure to adequately demonstrate such "fair and just reason" for plea withdrawal as a basis for affirming his conviction. In its decision the court of appeals stated:

> The law is clear that a defendant requesting plea withdrawal prior to sentencing must do more than allege a fair and just reason; he or she must also show that the reason actually exists. *Kivioja*, 225 Wis. 2d at 291. Brush's motion simply failed to provide the trial court with sufficient facts to support his allegations of a fair and just reason for withdrawal.
>
> . . . .
>
> We conclude that the trial court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process in reaching its decision to deny Brush's motion for plea withdrawal based on his failure to demonstrate a fair and just reason for allowing him to do so. We therefore uphold the trial court's exercise of discretion and affirm the judgment.

(Ct. App. Dec., ¶¶ 15, 19)

Second, the respondent argues that, in any event, Brush's claim is predicated on a claimed violation of state law and is therefore not a basis upon which federal habeas corpus relief can be granted.

Specifically, Thurmer argues:

> As Brush's brief shows (Docket No. 18), and as the documents filed as exhibits to Warden Thurmer's answer to the petition confirm, Brush's sole remaining claim of error concerns the Kenosha County Circuit Court's alleged failure to use the correct legal standard when denying Brush's plea-withdrawal motion, not (as this court originally believed), "a claim that his plea was involuntary, which implicates [Brush's] right to due process under the Fourteenth Amendment" (Docket No. 2, at 2). Consequently, Brush's claim does not implicate a violation of any federal right, much less a violation of any federal due-process right that would permit this court to issue a federal writ of habeas corpus.

(Resp.'s Br. 7-8.)

I agree with the respondent. It is quite evident that Brush's claim is predicated on the allegation that the trial court did not properly follow Wisconsin state law when it exercised its discretion to deny Brush's motion to withdraw his guilty plea prior to sentencing. As previously stated, federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Ill. Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law."). However, a federal habeas court cannot grant relief for an alleged error of state law. *See, e.g., Waddington v. Sarausad,* __ U.S. __, 129 S. Ct. 823, 832 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.' *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed.2d 385 (1991)."); *see also Milone v. Camp*, 22 F.3d 693, 698 (7th Cir. 1994). Yet, that is what Brush is asking this court to do.

The Wisconsin Court of Appeals made clear that, in its opinion, the trial court satisfied its obligations under Wisconsin state law.

Brush argues that the trial court failed to apply the proper standard of law to his motion for plea withdrawal. In rendering its oral decision, the trial court observed:

> The standard's been referred to numerous times by counsel with respect to the withdrawal of a plea prior to sentencing. The cases have been cited here .... [T]he defendant has no absolute right to withdraw his plea prior to sentencing. The motion is directed to the sound discretion of the Trial Court .... [E]videntiary hearings are to be granted liberally. That's frankly what was to be taken today. . . . The court says in [*State v. Canedy*, 161 Wis. 2d 565, 469 N.W.2d 163 (1991)] that withdrawal of guilty pleas before sentencing should be freely allowed absent a compelling reason for denial. So it would seem as though the Court is to look to the underlying reasons. And if there's some compelling reason for denial, it should be given and granted liberally. I shouldn't say the motion granted liberally to withdraw but the hearing provided liberally.

Citing to the trial court's statement that a hearing should be granted liberally, Brush argues: "The law does not concern the liberal granting [of] a hearing" but rather "the trial court should freely allow (liberally grant) the defendant to withdraw his plea prior to sentencing for any fair and just reason unless the prosecution will be substantially prejudiced." While Brush correctly states the law on this point, *see State v. Jenkins*, 2001 WI 96, ¶2, 303 Wis. 2d 157, 736 N.W.2d 24; *State v. Bollig*, 2000 WI 6, ¶28, 232 Wis. 2d 561, 605 N.W.2d 199, he ignores the remainder of the trial court's reasoning on this issue, which also correctly states the law.

> The *Leitner* case, which has been cited, goes on to say that freely granting such a request does not mean automatically. There has to be a fair and just reason for the defendant's withdrawal-of-plea request. It requires a showing of some adequate reason for the change of heart other than just a desire to have a trial.

We conclude that, while the trial court may have misspoken during the course of its oral recitation of the standard, its statements taken as a whole demonstrate its understanding and application of the correct legal standard. We therefore turn to whether the trial court properly exercised its discretion in denying Brush's motion.

(Ct. App. Dec., ¶ 8.)

The court of appeals then went on to find that the trial court had indeed properly exercised its discretion in denying Brush's motion to withdraw his guilty plea. In this regard, and as previously quoted above, the court of appeals stated:

8

> The law is clear that a defendant requesting plea withdrawal prior to sentencing must do more than allege a fair and just reason; he or she must also that the reason actually exists. *Kivioja*, 225 Wis. 2d at 291. Brush's motion simply failed to provide the trial court with sufficient facts to support his allegations of a fair and just reason for withdrawal.
>
> . . . .
>
> We conclude that the trial court examined the relevant facts, applied a proper standard of law, and used a demonstrated rational process in reaching its decision to deny Brush's motion for plea withdrawal based on his failure to demonstrate a fair and just reason for allowing him to do so. We therefore uphold the trial court's exercise of discretion and affirm the judgment.

(Ct. App. Dec., ¶¶ 15, 19)

There is no need for this court to determine whether Brush procedurally defaulted his federal habeas corpus claim by "fail[ing] to adequately allege a 'fair and just reason' for plea withdrawal." (Resp.'s Br. 6.) This is because, in the end, Brush's federal habeas petition must be denied for the simple reason that it is predicated on a claimed violation of state law, i.e., that the trial court: (1) failed to properly identify the applicable state law standard by which it rendered its decision and (2) failed to properly apply the correct standard. But that is not a basis for federal habeas relief. To reiterate, "federal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law." *Del Vecchio v. Ill. Dept. of Corr.*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc). Besides, according to the Wisconsin Court of Appeals, the trial court did not misapply Wisconsin state law in denying Brush's motion to withdraw his guilty plea.

Thus, and for the foregoing reasons, Brush's petition for a writ of habeas corpus will be denied and this action will be dismissed.

The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court of appeals has held that this standard differs only in scope from the certificate of probable cause standard that was previously developed and applied by the courts. *See Herrera v. United States*, 96 F.3d 1010, 1012 (7th Cir. 1996). The *Herrera* court said that "a certificate of probable cause places the *case* before the court of appeals, but a certificate of appealability must identify each *issue* meeting the 'substantial showing' standard." *Id*. (emphasis added). Thus, for the court to issue a certificate of appealability to Brush, it must identify for the court of appeals the issues that are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis added) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980)). This test was reiterated in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), *rev'd on other grounds, Miller-El v. Dretke*, 545 U.S. 231 (2005).

> Consistent with our prior precedent and the text of the habeas corpus statute, we reiterate that a prisoner seeking a COA need only demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

*Id.* at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In my opinion, and for the reasons set forth in this decision denying Brush's habeas corpus petition, Brush's claim does not warrant a certificate of appealability. Put simply, the petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" by demonstrating either that jurists of reason could disagree with this court's resolution of his claim or that jurists could conclude the issue presented is adequate to deserve encouragement to proceed further. Consequently, the court will deny Brush a certificate of appealability. Of course, Brush retains the right to seek a certificate of appealability from the court of appeals. *See* Fed. R. App. P. 22(b).

**NOW THEREFORE IT IS ORDERED** that Brush's claim for federal habeas corpus relief be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that Brush's petition for a writ of habeas corpus and this action be and hereby are **DISMISSED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**SO ORDERED** this 2nd day of December, 2010 at Milwaukee, Wisconsin.

**BY THE COURT:**

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge